**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARILEE BROWN, | No. 17-16063 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00637-MCE-CKD |
| v. | |
| RYAN K. ZINKE, Secretary of the U.S. Department of Interior; UNITED STATES FISH AND WILDLIFE SERVICE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Marilee Brown appeals pro se from the district court's judgment dismissing her Title VII action alleging a retaliation claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012). We affirm.

The district court properly dismissed Brown's action because Brown failed to allege facts sufficient to state a plausible retaliation claim. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064-65 (9th Cir. 2002) (setting forth elements of a retaliation claim, and explaining that "in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Brown's motion for reconsideration because Brown failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)); *see also* E.D. Cal. R. 230(j) (setting forth basis for reconsideration under local rules).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Brown's request for mediation, set forth in her opening brief, is denied.

17-16063

**AFFIRMED.**